IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **THUY THI VU a/k/a PHUONG-ANH VU, JANE/JOHN DOES 1-109, BOAT PEOPLE SOS, AND DR. NGUYEN THANG**    *Plaintiffs,* <br><br> **v.** <br><br> **W&D APPAREL (JORDAN) CORP., WELL AND DAVID CORP., ARAMARK CORPORATION, ARAMARK UNIFORM &CAREER APPAREL LLC, LEAPRODEXIM VIETNAM, COALIMEX VN, ACADAMEY, LTD. d/b/a AND a/k/a ACADEMY SPORTS AND OUTDOORS,  MINISTRY OF LABOR, WAR INVALIDS AND SOCIAL AFFAIRS, TRAN VIET TU, TRUONG XUAN THANH, LA THANH KHUONG, LUONG NHU DUONG, TRINH QUANG TRUNG, NGUYEN VAN VIET, VU THU HA, NGUYEN XUAN TAO, NGUYEN THI KIM NGAN, NGUYEN THANH HOA, NGUYEN NGOC QUYNH and JAMES SHEN** <br>    *Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO._____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE COURT:

     1.     This is an action brought by 109 Vietnamese laborers, THUY THI VU a/k/a

PHUONG-ANH VU ("Phuong Anh Vu"), JANE/JOHN DOES 1-109[1] ("Plaintiffs"), who were

---

[1] Due to the nature and potential danger of publication of their identities, 100 of the Plaintiffs wish to proceed in this law suit under a pseudonym. The parties' interest in anonymity is greater than the public interest in disclosure and any prejudice to the opposing party. *Sealed Plaintiff v. Sealed Defendant # 1*, 537 F. 3d 185, 189 (2d Cir. 2008). If Plaintiffs identify themselves, they and their families could potentially be exposed to grave retaliatory harm. *Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1068 (9th Cir. 2000). Several have already been threatened in Vietnam. If and when the Court requires the names of Plaintiffs, Plaintiffs' counsel will provide such information subject to a Protective Order.

the unknowing victims of an international human trafficking conspiracy among corporations and governments. Through a conspiracy of manipulations and deception, these poor, uneducated Vietnamese nationals were lured to Jordan with the promise of high paying jobs guaranteeing a future for their families.  Instead they were assaulted, imprisoned, defrauded, and treated like indentured servants. This human trafficking ring was orchestrated by and on behalf of Defendants, W&D APPAREL (JORDAN) CORP., WELL AND DAVID CORP., ARAMARK, LEAPRODEXIM VIETNAM, COALIMEX VN, ACADEMY SPORTS AND OUTDOORS, MINISTRY OF LABOR, INVALIDS AND SOCIAL AFFAIRS, TRAN VIET TU, TRONG XUAN THANH, LA THANH KHUONG, LUONG NHU DUONG, TRINH QUANG TRUNG, NGUYEN VAN VIET, VU THU HA, NGUYEN XUAN TAO, NGUYEN THI KIM NGAN, NGUYEN THANH HOA, NGUYEN NGOC QUYNH and JAMES SHEN ("Defendants"). Plaintiffs bring suit against Defendants as their conduct violated the following federal laws: Trafficking Victims Protection Reauthorization Act of 2005 (TVPRA), 18 U.S.C §1596; the Aliens Tort Claim Act, 28 USC § 1350; Racketeering Influenced and Corrupt Organization Act ("RICO"), 18 USC § 1961, et seq., the Thirteenth Amendment of the United States Constitution, 18 U.S.C. §§ 1581, 1584, 1589 and 42 U.S.C. 1994. In addition to damages for violations of federal law, Plaintiffs seek punitive damages, and show the Court as follows:

## PARTIES

2.      Plaintiff PHUONG ANH VU is a resident of Harris County, Texas.

3.      Plaintiffs JANE/JOHN DOE 1— JANE/JOHN DOE109 are residents of Vietnam.

4.      Plaintiffs BOAT PEOPLE SOS and DR. NGUYEN THANG, maintain an office and regularly do business in Harris County, Texas.

2

5.      Defendant W&D APPAREL (JORDAN) CORP. ("W&D Apparel") is a Jordanian corporation which has its principal place of business at Al-Tajamouat Industrial City, (Qiz) P.O. Box 28 Amman 11636, Al-Tajamouat Amman 11636, Jordan. At all relevant times, W&D Apparel was a contractor or subcontractor within the meaning of TVPRA, 22 U.S.C. § 7104 (g).

6.      Defendant WELL AND DAVID CORP., ("Well and David") is a Taiwanese corporation with factories around the globe. Well and David has its Taiwanese headquarters located at No. 11, Wu-Feng Road, Ku-Shan District, Kaohsiung 804, Taiwan, R.O.C. At all relevant times, Well and David was a contractor with the United States, and facilitated the human trafficking to Jordan. Well and David had at least one contract with W&D Apparel, making it a contractor or subcontractor within the meaning of TVPRA, 22 U.S.C. § 7104 (g).

7.      Defendant ARAMARK CORPORATION ("Aramark Corporation") is a Delaware Corporation and is the parent company of Aramark LLC. The corporation is headquartered at 1101 Market Street, Philadelphia, Pennsylvania 19107. Aramark maintains a registered agent for service of process at 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234, USA.

8.      Defendant ARAMARK UNIFORM & CAREER APPAREL LLC ("Aramark LLC") is a Delaware Corporation headquartered at 1101 Market Street, Philadelphia, Pennsylvania 19107. Aramark LLC is a subsidiary of ARAMARK CORPORATION. Aramark LLC maintains a registered agent for service of process at 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234, USA.

9.      Defendant LEAPRODEXIM VIETNAM, Cong Ty Co Phan Da Giay Vietnman, is a foreign corporation and labor export company that recruited workers on behalf of other

Defendants. LEAPRODEXIM is owned by the Vietnamese government and may be served at 26 Le Dai Hanh Street. Hai Ba Trung District, Hanoi, Vietnam. At all relevant times, Leaprodexim had at least one contract with W&D Apparel, making it a contractor or subcontractor within the meaning of TVPRA, 22 U.S.C. § 7104 (g).

10.     Defendant COALIMEX VN is a labor export company and a member of the Vietnam Labour Export Association. Coalimex is in the business of supplying well-trained workers in a variety of fields to other countries. The Ha Noi branch of Coalimex is located at Cong Thong, Yen Vien, Ha Noi, Vietnam. At all relevant times, Coalimex had at least one contract to supply workers from Vietnam to Jordan for the benefit of W&D Apparel, making it a contractor or subcontractor within the meaning of TVPRA, 22 U.S.C. § 7104 (g).

11.     Defendant ACADEMY LTD. d/b/a and a/k/a ACADEMY SPORTS AND OUTDOORS is a Texas Corporation in the business of selling sports and outdoor equipment, apparel, and footwear. At all relevant times, Academy contracted with one or more of the foreign Defendants for the production of goods to sell in stores. Academy can be served with process through its registered agent, M. Wade Turner, at 1800 North Mason Road, Katy, Texas 77449, USA.

12.     Defendant MINISTRY OF LABOR, WAR INVALIDS AND SOCIAL AFFAIRS ("MOLISA"), was at all relevant times involved in the facilitation and conspiracy to traffic workers to and from Vietnam. The MOLISA headquarters is located at 12 Ngo Quyen, Hoan Kiem, Hanoi, Vietnam.

13.     Defendant TRAN VIET TU is the Deputy General Consul from Cairo, Egypt. At all relevant times, it is believed he facilitated the human trafficking of plaintiffs by either directly

4

or indirectly approving the practices of labor export companies and/or W&D Apparel. Tran Viet Tu may be served at the Embassy of Vietnam in Cairo, Egypt located at #8 Madina El Monawara Street, Dokki, Cairo, Egypt.

14.     Defendant TRONG XUAN THANH is the Deputy Director for Consular Affairs at the Vietnam Ministry of Foreign Affairs. At all relevant times, it is believed he facilitated the human trafficking of plaintiffs by either directly or indirectly approving the practices of labor export companies and/or W&D Apparel. Trong Xuan Thanh may be served at the Vietnam Ministry of Foreign Affairs, Consular Department located at 40 Tran Phu, Ba Dinh, Ha Noi, Vietnam.

15.     Defendant LA THANH KHUONG was the Manager of Training and Employment Services for Well and David in Taiwan. La Thanh Khuong ran the organization responsible for exporting most of the Vietnamese workers to Jordan. It is believed that La Thanh Khuong may be served at the Wells and David Ha Noi factory branch located at 1097 Ta Quang Buu St, District 8, Ho Chi Minh City, Vietnam.

16.     Defendant LUONG NHU DUONG assisted and acted on behalf of La Thanh Khuong at all relevant times and events which make the basis of this suit. Luong Nhu Duong assisted La Thanh Khuong by facilitating trafficking and assisting the organization responsible for exporting most of the Vietnamese workers to Jordan. It is believed Luong Nhu Duong may be served at the Wells and David Ha Noi factory branch located at 1097 Ta Quang Buu St, District 8, Ho Chi Minh City, Vietnam.

17.     Defendant TRINH QUANG TRUNG was at all relevant times the manager of LEAPRODEXIM. Trinh Quang Trung may be served at the Leapodexim Vietnamese headquarters 26 Le Dai Hanh Street. Hai Ba Trung District, Hanoi, Vietnam.

18.     Defendant NGUYEN VAN VIET was at all relevant times the manager of COALIMEX Vietnam. Coalimex is in the business of supplying well-trained workers in a variety of fields to other countries. The Ha Noi branch of Coalimex is located at Cong Thong, Yen Vien, Ha Noi, Vietnam.

19.     Defendant VU THU HA was at all relevant times an interpreter working for Vietnamese labor export companies in Jordan. The location of Van Thu Ha is unknown at this time. Plaintiffs will supplement and amend their complaint when the information becomes available to them.

20.     Defendant NGUYEN XUAN TAO acted on behalf of MOLISA, aiding in the conspiracy to traffic workers to Jordan. Nguyen Xuan Tao may be served at the MOLISA headquarters located at 12 Ngo Quyen, Hoan Kiem, Hanoi, Vietnam.

21.     Defendant NGUYEN THI KIM NGAN was directly and indirectly involved in the conspiracy of trafficking Plaintiffs to Jordan. Nguyen Thi Kim is the Minster of Labor, and may be served at MOLISA headquarters located at 12 Ngo Quyen, Hoan Kiem, Hanoi, Vietnam.

22.     Defendant NGUYEN THANH HOA was directly involved in the conspiracy of trafficking Plaintiffs to Jordan, and specifically gave orders to other Defendants to target Plaintiffs. Nguyen Thanh Hoa may be served at MOLISA headquarters located at 12 Ngo Quyen, Hoan Kiem, Hanoi, Vietnam

23.     Defendant NGUYEN NGOC QUYNH was directly involved in the conspiracy of trafficking Plaintiffs to Jordan. Nguyen Ngoc Quynh  managed the Labor Export Program, and may be served at MOLISA headquarters located at 12 Ngo Quyen, Hoan Kiem, Hanoi, Vietnam.

24.     Defendant JAMES SHEN is the manager of Wells and David and the factory owner of W&D Apparel. James Shen is responsible for much of the abuse, imprisonment, and working conditions at the Jordan factory. He may be served with process at the W&D Apparel headquarters and factory at Al-Tajamouat Industrial City, (Qiz) P.O. Box 28 Amman 11636, Al-Tajamouat Amman 11636, Jordan.

## JURISDICTION

25.     This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 as the causes of action involve questions of federal law.

26.     This Court has original jurisdiction pursuant to 18 U.S.C. § 1350 as this is a civil action by one or more aliens for a tort in violation of the law of nations and treaties of the United States. Supplemental Jurisdiction is conferred upon this Court by 28 U.S.C. § 1367(a) as all of Plaintiffs' claims arise out of the same nucleus of facts which support the federal claim.

27.     Further, this Court has personal jurisdiction over Defendants because Defendants have substantial, continuous and systematic business contacts with the United States and Defendants' have purposefully availed themselves of the privilege of conducting activities in the United States.

**VENUE**

28.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3) and (d). Additionally, one or more of the Plaintiffs reside in Harris County, Texas and one or more of the Defendants are subject to personal jurisdiction as they conduct business in this district.

**RELEVANT FACTS**

**The Human Trafficking Enterprise**

29.     People all over the world still desire to come to the United States to pursue the American dream. Unfortunately, there are also scheming and mendacious entities and individuals all over the world who prey on this desire. Plaintiffs are victims of a life-threatening scheme orchestrated by Defendants. Trafficking in human beings is a growing scourge around the world. The United States government estimates that approximately 800,000 people are trafficked across international borders each year. [2]   That estimate has increased since the U.S. State Department issued its first annual report on human trafficking in 2001, despite the efforts of the United States to improve enforcement of anti-trafficking statutes at home and abroad. Human traffickers prey on the most vulnerable members of society, including people like Plaintiffs, living in poverty and unable to find work in their own country. They typically trick, coerce, or win the confidence of victims through promises of a better life. [3] Victims are often lured with false promises of a good, well-paying job and better lives, only to find themselves trapped in dangerous, unhealthy, and

---

[2] United States Department of State, Trafficking in Persons Report (June 2007) at 8. [hereinafter "TIP 2007"].

[3] *Id*. at 9.

brutal conditions. [4] Phong Anh Vu is the only Plaintiff who escaped the gruesome conditions, which would have never transpired but for Defendants deceit and conspiracy.

30.    Defendants entered into multiple contracts and subcontracts for labor, and exportation of humans for labor, which ultimately resulted in production of apparel for United States Corporations, and distribution in Texas stores. At all relevant times, W&D Apparel was a subsidiary company of Well and David who contracted with labor exporting Defendants with the ultimate goal of capitalizing on the promise of inexpensive labor.

31.    In an effort to fulfill their contractual obligations, Defendants and co-conspirators willfully and purposefully formed an enterprise with the goal of procuring cheap labor and increasing profits. In order to achieve the illegal purpose of their enterprise, Defendants established, engaged, and/or contracted with a network of suppliers, agents, and/or partners to procure the Vietnamese laborers. The common scheme of this enterprise was to traffic laborers and to profit from the provision of their labor.

32.    Specifically, MOLISA and its employees and/or agents placed advertisements in and around the poor communities in Vietnam for jobs paying about $300 a month. Operating in concert, LEAPRODEXIM VIETNAM and COALIMEX transported Plaintiffs to Jordan. James Shen, as the owner and manager of W&D Apparel factory, acted pursuant to his contracts with Well and David, Aramark, and Academy to provide apparel to the United States.  Per his agreement with other Defendants, James Shen did not honor the promises made to Plaintiffs by NGUYEN XUAN TAO and MOLISA.

---

[4] Attorney General's Annual Report to Congress on U.S. Government Activities to Combat Trafficking in Persons, Fiscal Year 2006 (May 2007) at 1.

**The Plaintiffs' Journey**

33.     Plaintiffs are Vietnamese nationals. Defendants conspired with each other and others to entice Plaintiffs with the promise of stable jobs, and had them transported nearly ten thousand miles from their homeland, where they were forced to work as indentured servants at the W&D Apparel Jordanian factory.

34.     These victims were not random: Defendants specifically selected these Plaintiffs because they were among the many poor, uneducated laborers that constitute over 95% of the working population of Vietnam, who wished for new opportunities, hoping for a chance to escape poverty.

35.     Since the normalization of relations between the United States and Vietnam, Vietnam has become a popular source country for men and women who migrate for work through informal networks and through state-owned and private labor export companies in the construction, fishing, or manufacturing sectors. Vietnam exports over 85,000 laborers each year. Revenues from such exceed $2 billion annually. Defendants' acts and/or omissions were aimed at obtaining this low cost labor.

36.     Phuong Anh Vu was born on November 11, 1978, and has two children, ages 17 and 15.  In or around the end of 2007, when Phuong Anh Vu, a single mother of three, was living in Bao Yen, North Vietnam, she received a flyer from the village head about the poverty reduction project. The police chief told her that it was a government program sponsored by the Department of Labor, Invalids and Social Affairs, to recruit workers to go overseas to work. The Department of Labor, Invalids, and Social Affairs is a department of the Ministry of Labor, Invalids and Social Affairs, and directs each of Provincial Peoples' Committee (PPC).

37.     The flyer referred interested candidates to an labor export company called Tang Cong Ty Gia Day (Tang), located in Xuan Thuy, Cau Giay, Hanoi.  Phuong Anh Vu was recruited by a woman at Tang named La Thanh Khoung, who informed her that she would be sent to Jordan, but that first, she needed to learn Chinese.

38.     Even though Phuong Anh Vu was already proficient in Chinese, the defendants told her that she was not exempt, that she had to pay, and attend classes for about three months. The fee for the Chinese class was 1,000,000 dong, which was the equivalent of $70 US - about two months' salary for her entire family.  Phuong Anh Vu was also charged another 1,000,000 dong to have a medical physical exam, another 1,000,000 for her passport, another 32,000,000 doug to pay the government to go work in Jordan, and other expenses totaling 2,000,000 to pay for food and lodging as she had to travel back and forth from Hanoi and her home.  Phuong Anh Vu mortgaged her house and land (worth about 53,000) as collateral to pay for these fees, totaling approximately 35,000,000 to 37,000,000 - the equivalent of $2,300, or five and half years of salary.

39.     At 9:30 p.m. on January 28, 2008, Phuong Anh Vu and others were called to sign or stamp their thumbs on their contracts. They were not given a chance to read the contracts, and told that if they did not sign, they could not go to Jordan the very next day.  The next day, January 29, 2008, Phuong Anh Vu and over 20 other workers were transported to the airport in Hanoi and each given a sealed envelope and told not to open them. They were instructed to hand these packages - unopened - to the managers in Jordan.

40.     Defendants promised Phuong Anh Vu and the others that they would be paid $220 a month, working 8 hours a day, plus incidentals of $80 extra a month, for a total of $300 per month for three years to sew clothing for a foreign company in Jordan.

41.     Plaintiffs were transported by Air Vietnam from Hanoi to Ho Chi Minh, then to Qatar, and then to Jordan. They were alone on the plane, hungry and tired.

42.     Phuong Anh Vu arrived after 9:00 p.m. at the airport in Jordan. Defendants' agent, holding a sign that stated "W&D Apparel," greeted them, took their packages, and transported them to the factory. They worked until midnight that day. The next day, they worked from 8:00 a.m. until midnight. After that, they were forced to work daily until 2:00 or 3:00 a.m.

43.     Ten days later, Plaintiffs each received only a minimal payment of $10 for ten days of working 16 hours a day.

44.     Phuong Anh Vu complained about the insufficient wages, and the owner stated her low compensation was due to the fact she was on probation for three months.

45.     Phuong Anh Vu discovered other Vietnamese workers who received $120 a month for working every single day for over 16 hours a day, except for two Sundays off a month. Others received about $80 a month for 16 hour days, with only a few days off a month. The Vietnamese workers were housed on the second floor of the factory.

46.     Eventually, Plaintiffs signed a petition asking for better working conditions and promised pay. In response, the owner stated he was just following his contract, and she should call the Vietnamese representative.

47.     Phuong Anh Vu called La Thanh Khuoung at the labor export company in Hanoi to complain about the work conditions and low wage. She was instructed not to complain, and to stay with the job.  Phuong An Vu became angry and encouraged others to begin a strike on Chinese New Year, February 7, 2008, to protest the horrendous working conditions and until they received their rightful wages.

48.     A few days later, the owner locked up all the workers on the second floor of the factory.  The owners did not allow Plaintiffs to leave from February 17, 2008 until March 29, 2008.

49.     On about February 20, 2008, policeman were called to the factory and physically dragged out workers who were weakened from malnutrition, assaulted the workers with their fists, long batons, and sprayed them with fire extinguishers. One of the Plaintiffs later died after being hit in the stomach with a stick. Plaintiffs witnessed her death. In fact, she was holding another severely beaten victim, while she was dying.

50.     Phuong Anh Vu tried to break a window with a chair to escape. The police eventually left, taking one woman with them, dragging her by the hair because she had helped Plaintiff hide a cell phone on which she had been taking video pictures of the police beating the workers. To this day, Plaintiff still carries the bruises on her forehead from the assault, and another Plaintiff remains in a coma.

51.     In late February 2008, Defendants cut off the Plaintiffs' food, and many became ill.

52.     Finally, Phuong Anh Vu contacted a Vietnamese magazine, Tuoi Tre Magazine (youth magazine), by phone, and they published an article that caught the attention of Dr. Nguyen Thang, founder of Boat People SOS, dealing in trafficked victims.

53.     Plaintiff, Dr. Nguyen Thang then contacted the International Organization for Migration (IOM) to intervene. IOM then rescued the workers from the factory and sent the sick workers to the hospital.

54.     Ultimately, the government officials also labeled Phuong Anh Vu as an anti-government protester.  Knowing she was in danger upon her return to Vietnam, Phuong Anh Vu managed to separate herself from the group during a stopover at the Bangkok airport. She escaped to the office of the UN High Commissioner for Refugees, and was admitted to the United States as a refugee.

55.     Investigation revealed that the tags on the clothing were labels for Aramark and BCG Clothing. BCG is sold exclusively at Academy Sports. Phuong Anh Vu also learned through one of the managers, named Tang Shuai, that his company, W&D Apparel had signed a contract with Aramark to produce uniforms for students in the United States.

56.     From at least March 2008 to November 2009, Defendants Aramark and Academy were on notice of the treatment of the workers responsible for making the clothing which they were to receive pursuant to their contracts with W&D Apparel.

57.     Aramark eventually contracted with a private company to monitor W&D Apparel's operations in Jordan. Eventually, in November 2009, Aramark terminated its relationship with Defendant W&D Apparel.

14

58.     Vietnamese officials and policeman continue to harass and threaten Plaintiff Phuong An Vu's family, telling them that she had become a bad person, unpatriotic and anti-government. Phuong An Vu's 16 year old daughter was expelled from a prestigious government school in Vietnam, stating that she was an undesirable unpatriotic influence.

59.     As a result of Defendants' actions, Plaintiffs have suffered irreparable emotional and physical harm, pecuniary loss, threats, and even death, which would have never occurred without Defendants' idle promises of a better life that only served to exploit and lure innocent people who trusted them.

**FIRST CAUSE OF ACTION**
**Violation of Trafficking Victims Protection Reauthorization Act ("TVPRA"),**
**18 U.S.C. §§ 1589, 1595**
**(Against all Defendants)**

60.     Plaintiffs allege and incorporate by reference the allegations set forth above as if set forth fully here.

61.     Defendants, along with their co-conspirators and agents, developed a scheme, plan, or pattern in order to knowingly provide the labor and services of persons, including Plaintiffs, for production of apparel to be sold and distributed in the United States. Defendants knowingly obtained Plaintiffs' services by means of such pattern, plan, or scheme. Defendants and/or their co-conspirators and/or their agents intended to cause Plaintiffs to believe that if they did not perform such labor or services, they would suffer serious harm or physical restraint, in direct violation of 18 U.S.C. § 1589.

62.     In addition, Defendants knowingly conspired to obtain Plaintiffs' services by taking a large deposit from Plaintiffs, imprisoning them without adequate food on the work

premises, failing to pay Plaintiffs for their labor, threatening them with serious harm, and withholding their passports in violation of 18 U.S.C. § 1595.

63.     Defendants knowingly recruited, harbored, transported, and obtained Plaintiffs for labor or services and as a result of their conduct, Plaintiffs have suffered damages in an amount to be determined at trial. Pursuant to 18 U.S.C. § 1595, Plaintiffs are entitled to recover compensatory damages, reasonable attorneys' fees, and punitive damages for Defendants' egregious conduct in violation of federal law.

**SECOND CAUSE OF ACTION**
**Violation of Trafficking Victims Protection Reauthorization Act**
**Trafficking Into Servitude**
**18 U.S.C. §§ 1590, 1595**
**(Against Well and Davis, W&D Apparel, Aramark, Academy Sports and Outdoors,**
**MOLISA, Leaprodexim and Coalimex)**

64.     Plaintiffs incorporate each and every allegation as set forth above as if set forth fully here.

65.     As set forth above, Defendants knowingly recruited, harbored, transported, provided and obtained Plaintiffs to provide labor in violation of the trafficking into servitude provisions of TVPRA § 1590. Pursuant to § 1595, Plaintiffs are entitled to recover compensatory damages, reasonable attorney fees, and punitive damages for violation of the servitude provision.

66.     Defendants' conduct also violates the prohibition of involuntary servitude set forth in the 13th Amendment, and cause Plaintiffs damage. Plaintiffs now seek compensatory and all damages allowable under the implied right to a civil remedy afforded by the 13th Amendment.

**THIRD CAUSE OF ACTION**
**Violation of Alien Tort Claims Act, 28 U.S.C. § 1350**
**(Against all Defendants)**

67.    Plaintiffs incorporate each and every allegation as set forth above as if set forth fully here.

68.    Defendants' actions as set forth above constitute the torts of prolonged detention, false imprisonment, assault, and/or battery, which are concurrently torts in violation of the law of nation and/or in violation of the treaties of the United States. The law of nations includes the Universal Declaration of Human Rights, G.A. Res. 217A (Ill.) U.N. Doc. A/810 at 71(1948); the International Covenant on Civil and Political Rights, Dec. 19, 1966, 999 U.N.T.S. 171, I.L.M 388, and the convention concerning the Abolition of Forced Labour, June 25, 1957, 320 U.N.T.S. 291.

69.    Plaintiffs suffered injuries and damages as a result of these actions by Defendants.

**FOURTH CAUSE OF ACTION**
**Violation of Racketeering Influenced and Corrupt Organizations Act ("RICO") and**
**Conspiring to Violate, 18 U.S.C. §§ 1962 (c) and (d)**
**(Against all Defendants)**

70.    Plaintiffs incorporate each and every allegation set forth above as though fully set forth here.

71.    At all relevant times to this action, Defendants and their agents and/or co-conspirators were an enterprise engaged in the pattern of racketeering activity. Well and David, W&D Apparel and its agents and co-conspirators are "persons" within the meaning of 18 U.S.C. § 1961 (3) who formed an enterprise as defined by 18 U.S.C. § 1961 (4) whereby they engaged in a pattern of racketeering activity for the common illegal purpose of providing trafficked labor

17

at low costs to Jordan for production of apparel to be exported to the United States, and earning profits therefrom in violation of 18 U.S.C. § 1962 (c). Vietnamese government entities like MOLISA and its agents used their positions to make ongoing associations with labor export companies like Coalimex and Leaprodexim, who in turned contracted with Well and David and W&D Apparel who contracted to provide goods to other Defendants like Aramark and Academy for the purpose of executing essential aspects of worker exploitation.

72.     The enterprise is an association in fact within the meaning of 18 U.S.C. § 1961 (4) consisting of (i) Well and David, W&D Apparel, its employees agents, and (ii) its co-conspirators C, L, Aramark, Academy and their employees and/or agents.

73.     Defendants conspired to unlawfully, knowingly, and intentionally conduct and participate, directly and/or indirectly in conduct or management which affected interstate and foreign commerce in violation of 1962 (c), including the following: violations of 18 U.S.C. §§ 1951, 1851, 1584, 1589, 1590, and 1592.

74.     In addition, Defendants and/or its agents and co-conspirators agreed and conspired to participate in, or to facilitate the commission of, predicate acts as aforesaid, and agreed and conspired to facilitate the acts leading to the substantive offense of conducting the affairs of the enterprise through a pattern of racketeering activity, which is a violation of 18 U.S.C. § 1962 (d).

75.     As a direct and proximate result of Defendants' activities, Plaintiffs have been and are continuing to be injured and damaged in their property and person.

**FIFTH CAUSE OF ACTION**
**Conspiracy to Commit Breach of Contract**
**(Against all Defendants)**

76.     Plaintiffs incorporate each and every allegation as set forth above as if set forth fully here.

77.     In concert with each other and their agents, Defendants promised to provide Plaintiffs with a job that would pay $220 a month, working 8 hours a day, plus incidentals of $80 extra a month, for a total of $300 per month for a period of three years. In addition, Defendants promised suitable lodging. Defendants, both themselves and through their agents and/or co-conspirators, broke all of their promises. Defendants' conduct directly caused Plaintiffs' damages. Plaintiffs seek to recover these damages and attorneys' fees.

**SIXTH CAUSE OF ACTION**
**Breach of Contract**
**(Against W&D Apparel)**

78.     Plaintiffs incorporate each and every allegation as set forth above as if set forth fully here.

79.     Defendant W&D Apparel entered into a valid employment contract with each Plaintiff. Plaintiffs incurred significant debt to do so, as part of the obligations under each employment contract. Defendant not only failed to provide the work conditions promised, but also refused to pay the wage agreed to pursuant to the contracts.

80.     As a result of W&D Apparel's breach of employment contract, each Plaintiff suffered damages.

81.     Plaintiffs met all conditions precedent.

19

## SEVENTH CAUSE OF ACTION
### Negligence
### (Against all Defendants)

82.     Plaintiffs incorporate each and every allegation as set forth above as if set forth in full here.

83.     Defendants had a duty of reasonable care towards Plaintiffs to ensure that neither Defendants nor their agents engaged in conduct leading to or likely to lead to foreseeable harm. Defendants failed to use due care to protect Plaintiffs from foreseeable harm.

84.     Defendants had a duty to Plaintiffs to take ordinary care to ensure that personnel whom Defendants retained to perform services were not unfit, incompetent, or dangerous. At all relevant times, Defendants had the power, authority, duty, and/or ability to prevent any dangerous or life-threating activity.

85.     Defendants breached their duty of care to Plaintiffs. Defendants' breach is the direct and proximate cause of Plaintiffs' damages and injuries.

## EIGHTH CAUSE OF ACTION
### Actual and Apparent Authority /Ratification/Negligent Hiring/Vice-Principal
### (Against all Defendnats)

86.     Plaintiffs incorporate each and every allegation as set forth above as if set forth in full here.

87.     Plaintiffs assert La Thanh Khuong, Luong Nhu Duong, Trinh Quang Trung, Nguyen Van Viet, Vu Thu Ha, Nguyen Xuan Tao, and James Shen are employees or agents of one or more of the Defendants. Therefore, Defendants are vicariously liable to Plaintiffs for any

tortious acts committed by the individuals under theories of actual authority, apparent authority, respondeat superior, ratification, negligent hiring, and/or vice-principal liability.

## NINTH CAUSE OF ACTION
### Common Law Fraud
### (Against all Defendants)

88.     Plaintiffs incorporate each and every allegation as set forth above as if set forth in full here.

89.     Defendants acted to recruit Plaintiffs through false representations about the facts, including, but not limited to, the location of the work, the nature of the work, the amount of compensation, the work conditions, and the risk to their lives and safety. The representations were made for the purpose of inducing Plaintiffs to rely on them, and if plaintiffs' would have known that the representations were false, they would never have agreed to travel to Jordan. Plaintiffs' reliance on Defendants representations occurred in ignorance of the falsity thereof.

90.     The false representations and Plaintiffs' reliance thereon lead directly to Plaintiffs' injuries and damages.

## TENTH CAUSE OF ACTION
### False Imprisonment
### (Against W&D Welding and James Shen, individually)

91.     Plaintiffs incorporate each and every allegation as set forth above as if set forth in full here.

92.     Defendants acted with malicious intent to confine Plaintiffs; Plaintiffs were conscious of the confinement imposed upon them; Plaintiffs did not consent to confinement; and

Defendants had no authority to confine Plaintiffs, and/or restrict their ability to leave Jordan, nor was the confinement privileged.

93.     As a result of Defendants' acts, Plaintiffs suffered severe emotional harm, physical injury, and even death.

## ELEVENTH CAUSE OF ACTION
### Conspiracy
### (Against all Defendants)

94.     Plaintiffs incorporate each and every allegation as set forth above as if set forth in full here.

95.     Defendants were members of a combination of two or more persons whose objective was to accomplish an unlawful purpose and/or unlawful purpose through unlawful means. The Defendants had a meeting of the minds through knowledge, agreements, and contracts to conspire on an objective course of action. One of more of the Defendants committed an unlawful act in furtherance of the course of action (to obtain cheap labor and exploit Plaintiffs for the purpose of making profit and distributing apparel to the United States). As such, Defendants are jointly and severally liable for all acts done by any of them in furtherance of the unlawful combination. Each cause of action plead herein sets forth the acts pursued in furtherance of the conspiracy.

## TWELTH CAUSE OF ACTION
### Defamation and Tortious Interference with Business
### (Against Ministry of Labor, War Invalids and Social Affairs, Leaprodexim Vietnam, Coalimex VN, Trong Xuan Thanh, Nguyen Xuan Tao, Nguyen Thi Kim Ngan, Nguyen Thanh Hoa, and Nguyen Ngoc Quynh)

96.     Plaintiffs, BOAT PEOPLE SOS and DR. NGUYEN THANG, individually, incorporate each and every allegation as set forth above as if set forth herein.

97.    After Dr. Thang provided aid to Phong Anh Vu, Defendants deliberately targeted him and Boat People SOS. Defendants made false and misleading statements about them. Defendants' comments were directed at Dr. Thang, individually, and in his capacity as the owner and director of Boat People SOS. Defendants' statements were malicious and without regard for the truth, and Dr. Thang and Boat People SOS have suffered pecuniary injury as a result of Defendants' actions.

98.    Defendants' malicious and false comments directly affected Dr. Thang's business, Boat People SOS by interfering with existing business contracts. Plaintiffs seek actual and exemplary damages.

## ACTUAL DAMAGES

99.    As a direct, proximate, and producing cause of Defendants' conduct, Plaintiffs have suffered actual and consequential damages within the jurisdictional limits of the Court, including but not limited to, physical pain and mental anguish in the past and future, physical impairment in the past and future, disfigurement in the past and future, loss of earnings in the past and future, and medical expenses in the past and future. Plaintiffs also seek attorneys' fees.

## EXEMPLARY DAMAGES

100.    In addition to actual damages, Texas Civil Practice and Remedies Code § 41.003 and the common law of Texas entitle Plaintiffs to recover exemplary damages. Defendant's conduct was done knowingly, with actual awareness, malice and intent, and/or with such an entire want of care as to indicate that the acts and omissions in question were the result of a conscious indifference to the rights, welfare or safety of Plaintiffs, such that Plaintiffs are entitled

to an award of exemplary or punitive damages, to be determined by the jury commensurate with the facts of this case.

101.    Because Defendants' tortious and wrongful conduct violated the Texas Penal Code, exemplary damages in this case are not limited under Sec. 41.008 (b) of the Texas Civil Practices & Remedies. As such, Plaintiffs request Defendants to jointly and severally pay an amount of $100,000,000.00 as exemplary damages to deter others from engaging in similar misconduct. Plaintiffs allege that exemplary damages in this case are warranted and should be awarded in a manner that takes into account the nature of the wrongful actions of Defendants, the character of the conduct involved, the degree of the Defendants' culpability, the situation and sensibilities of the parties, the extent to which such conduct offends a public sense of justice and propriety, and the net worth of Defendants.

## PRAYER FOR RELIEF

102.    Plaintiffs respectfully request and pray that Defendants be cited and appear to answer this Complaint. Plaintiffs further pray this Court enter a judgment in favor of each of the Plaintiffs on all counts of the Complaint and against Defendants, jointly and severally as follows: 1) economic and compensatory damages in an amount to be determined at trial; 2) actual damages, including specific and general damages in amounts to be determined at trial; 3) punitive damages; 4) pre-judgment and post-judgment interest at the maximum rate allowable by law; and 5) attorneys' fees. Plaintiffs also request equitable relief, permanently enjoining Defendants from further engaging in abuses against Plaintiffs and other laborers. Plaintiffs request a trial by jury as to all Defendants, and seek any other relief available at law or in equity.

Respectfully submitted,

BURCK, LAPIDUS, JACKSON & CHASE, P.C

/s/H.MarkBurck
H. MARK BURCK
TBN: 03362700, FBN:7423
MARK R. LAPIDUS
TBN: 11942250, FBN: 10200
SHEA M. HENRY
TBN: 24074398, FBN: 1132626
5177 Richmond Avenue, Suite 850
Houston, TX 77056
Phone:  (713)400-6000
Fax:  (713)622-8054
shenry@bljc-law.com

LAWYERS AGAINST HUMAN TRAFFICKING

/s/Gordan Quan
GORDON QUAN
TBN: 16422400, FBN:  Admitted April 14, 1980
NAOMI BANG
TBN: 24054931, FBN:  604286
5850 San Felipe, Suite 601
Houston, Texas 77057
(281) 702-4440
Lawyersagainsthumantrafficking@gmail.com
Naomijiyoungbang@gmail.com

HUMAN TRAFFICKING LAW CLINIC
SOUTH TEXAS COLLEGE OF LAW

/s/ Naomi Bang
NAOMI BANG
TBN: 24054931, FBN:  604286
South Texas College of Law
c/o Clinical Dean's Office
1303 San Jacinto
Houston, Texas 77007
(713) 646-1843
nbang@stcl.com

**ATTORNEYS FOR PLAINTIFFS**