IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Thuy Thi Vu, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 4:12-CV-282 |
| W&D Apparel (Jordan) Corp. et al., | § § § | |
| Defendants. | § § | |

WELL & DAVID CORP.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS UNDER
FEDERAL RULES OF CIVIL PROCEDURE 12(B)(2) AND 12(B)(6)

Gerard G. Pecht
Federal ID No. 4784
State Bar No. 15701800
Eliot Fielding Turner
Federal ID No. 976577
State Bar No. 24066224
John J. Byron
Federal ID No. 1358259
State Bar No. 24078296

1

# Table of Contents

Table of Contents .................................................................................................................................. i

Summary of Argument ........................................................................................................................ 1

Argument and Authorities .................................................................................................................. 2

    1.   Well and David's Sales to American Companies Cannot Establish General Jurisdiction ....... 2

    2.   Plaintiffs Misstate What Specific Jurisdiction Requires ............................................... 3

    3.   Plaintiffs' Federal Causes of Action Do Not Apply to Extraterritorial Conduct ................... 3

        A.   The TVPRA Gives No Indication That Its Civil Remedies Apply to Extraterritorial Conduct ................................................................................................................. 3

        B.   The ATS Also Does Not Apply Extraterritorially ............................................... 5

    4.   Plaintiffs Cannot Evade the Limits of the TVPRA by Recasting Their Claims Under the ATS ................................................................................................................................. 5

    5.   Plaintiffs' State Law Claims Cannot Proceed ............................................................ 6

Conclusion ............................................................................................................................................ 8

Certificate of Filing and Service ....................................................................................................... 8

# **TABLE OF AUTHORITIES**

**CASES**                                                                                          Page(s)

*Alpine View Co. Ltd. v. Atlas Copco AB*,
   205 F.3d 208 (5th Cir. 2000) ............................................................................................2

*Cinnel v. Connick*,
   15 F.3d 1338 (5th Cir. 1994)..............................................................................................1

*Davis v. Johnson*,
   158 F.3d 806 (5th Cir. 1998)..............................................................................................6

*Doe v. Exxon Mobil Corp.*,
   654 F.3d 11 (D.C. Cir. 2011) .............................................................................................5

*Freudensprung v. Offshore Tech. Servs., Inc.*,
   379 F.3d 327 (5th Cir. 2004)..............................................................................................3

*Herrmann Holdings Ltd. v. Lucent Techs., Inc.*,
   302 F.3d 553 (5th Cir. 2002)..............................................................................................1

*Jackson v. Tanfoglio Gieuseppe, S.R.L.*,
   615 F.3d 579 (5th Cir. 2010) .............................................................................................2

*Kiobel v. Royal Dutch Petrol. Co.*,
   621 F.3d 111 (2d Cir. 2010) ..............................................................................................5

*Lawrence v. Florida*,
   549 U.S. 327 (2007)...........................................................................................................6

*Magnifico v. Villanueva*,
   783 F. Supp. 2d 1217 (S.D. Fla. 2011) ..............................................................................5

*Med. Ctr. Pharmacy v. Mukasey*,
   536 F.3d 383 (5th Cir. 2008)..............................................................................................4

*Morrison v. Australia National Bank*,
   130 S. Ct. 2869 (2010) .............................................................................................. 1, 3, 4

*Norris v. Hearst Trust*,
   500 F.3d 454 (5th Cir. 2007)..............................................................................................7

*Pacheco v. Rice*,
   966 F.2d 904 (5th Cir. 1992)..............................................................................................6

*Rosenzweig v. Azurix Corp.*,
   332 F.3d 854 (5th Cir. 2003)..............................................................................................1

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
   549 U.S. 422 (2007) ................................................................................................................1

*Sosa v. Alvarez–Machain*,
   542 U.S. 692 (2004) ................................................................................................................6

*Texas v. Allan Constr. Co.*,
   851 F.2d 1526 (5th Cir. 1988) .................................................................................................6

*United States v. Petty*,
   530 F.3d 361 (5th Cir. 2008) ................................................................................................6, 7

*United States ex rel. Willard v. Humana Health Plan of Texas Inc.*,
   336 F.3d 375 (5th Cir. 2003) ...................................................................................................1

*Williams v. WMX Techs., Inc.*,
   112 F.3d 175 (5th Cir. 1997) ...................................................................................................7

*Wyatt v. Kaplan*,
   686 F.2d 276 (5th Cir. 1982) ...................................................................................................2

**RULES AND STATUTES**

18 U.S.C. § 1596 ............................................................................................................................4

Fed. R. Evid. 801 ............................................................................................................................2

Fed. R. Evid. 802 ............................................................................................................................2

Fed. R. Evid. 901 ............................................................................................................................2

Fed. R. Civ. P. 9 ..............................................................................................................................7

Fed. R. Civ. P. 10 ............................................................................................................................6

## SUMMARY OF ARGUMENT

Apparently having abandoned the allegations in their complaint and now seemingly unconstrained by them, plaintiffs argue that this Court should exercise personal jurisdiction over Well and David Corp.—a Taiwanese company with no operations or presence in the United States for causes of action that do not arise out of or relate to any alleged contacts that Well and David has with the forum—based on nothing more than the fact that American companies bought goods from Well and David. But plaintiffs ignore the high threshold needed to establish personal jurisdiction over a non-resident, foreign defendant and Fifth Circuit cases that hold precisely what they have alleged is not enough.

Plaintiffs also argue that statutes that give no indication that they apply abroad, and certainly not to the circumstances in this case, should be applied to extraterritorial conduct. But plaintiffs ignore the Supreme Court's recent and forceful holding in *Morrison v. Australia National Bank*, 130 S. Ct. 2869 (2010), that prevents just such an approach.

Should some of these threshold difficulties improbably be surmounted, plaintiffs also contend that statutes should be rewritten to extend liability where Congress has prohibited it elsewhere, and that claims barred by statutes of limitation should be allowed to proceed, despite no compelling reason that would allow forbearance.

But, as Well and David's motion to dismiss has shown, plaintiffs are wrong on all counts.[1] Accordingly, this Court should decline to exercise jurisdiction over Well and David, and even if it does, it should still dismiss plaintiffs' claims with prejudice.[2]

---

[1] This court can elect any of the many threshold grounds Well and David has shown are bases for dismissal. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.") (citations omitted).

[2] Plaintiffs have twice amended their complaint and thus have had "ample opportunity to plead their . . . claims." *Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 553, 567 (5th Cir. 2002). Because "a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim," *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 865 (5th Cir. 2003), leave to amend should be denied. *See Herrmann*, 302 F.3d at 567 (denying leave to amend when plaintiffs had twice amended). In addition, plaintiffs have not asked for leave to amend. *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) ("A party who neglects to ask . . . for leave to amend cannot except to receive such dispensation. . . ."); *Cinnel v. Connick*, 15 F.3d 1338, 1346 (5th Cir. 1994).

1

ARGUMENT AND AUTHORITIES

## 1. Well and David's Sales to American Companies Cannot Establish General Jurisdiction

Plaintiffs' complaint contains no more than a single conclusory allegation concerning general jurisdiction. Dkt. No. 43 ¶ 31. Now, untethered from both their complaint and Fifth Circuit law, plaintiffs argue this Court can exercise general jurisdiction based on the amount of products American companies bought from Well and David. But establishing general jurisdiction over a non-resident defendant is difficult. *Jackson v. Tanfoglio Gieuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010). And even using the "facts" argued by plaintiffs in their response, it is not only difficult, it is impossible.[3]

General jurisdiction requires a defendant to have a business presence in the forum. *Id.* And Well and David, a Taiwanese company with no business operations or presence in the United States, does not have one. Nor can Well and David's sales to American companies establish one.[4] As the Fifth Circuit has made clear "[i]njecting a product, *even in substantial volume*, into a forum's 'stream of commerce,' without more does not support general jurisdiction." *Id.* (emphasis added). Plaintiffs' argument that Well and David's sales, and subsequent product shipments, to American companies, establish general jurisdiction is unavailing. Indeed, the Fifth Circuit has "specifically rejected a party's reliance on the stream-of-commerce theory to support asserting general jurisdiction over a nonresident defendant." *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 216 (5th Cir. 2000); *see also Jackson*, 615 F.3d at 584. Simply put, this court cannot exercise general jurisdiction over Well and David.

---

[3] Plaintiffs have attached a number of exhibits to their response, but the Court need not consider them. *Isquith v. Middle S. Utilities, Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1998). Still none of the exhibits establish personal jurisdiction, nor do they demonstrate that discovery on personal jurisdiction is necessary. *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982) (Wisdom, J.) ("Discovery on matters of personal jurisdiction . . . need not be permitted unless the motion to dismiss raises issues of fact. When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted.") (citations omitted). Even were the Court inclined to consider them, all the exhibits related to personal jurisdiction, Exs. 1–4, are unauthenticated hearsay, and none relate to the Jordanian entity that allegedly employed plaintiffs, but rather to Well and David's factory in Taiwan. Fed. R. Evid. 801, 802, 901.

[4] Plaintiffs have not alleged, nor could they, that the sale of these goods happened anywhere other than in the Middle East, that title to these goods transferred anywhere other than in the Middle East, that Well and David had any responsibility for shipping these goods to the United States, or that Well and David had any ownership interest in the goods when they reached the United States.

2

### 2. Plaintiffs Misstate What Specific Jurisdiction Requires

Plaintiffs next suggest that the extent of Well and David's relationships with Academy and Aramark is sufficient to establish specific jurisdiction. They are mistaken. Entering into a business relationship, even a long-term one, with a resident of the forum is, by itself, insufficient to establish the purposeful availment required for specific jurisdiction. *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 345 (5th Cir. 2004). But even if it were, plaintiffs' complaint suffers from a deficiency no amendment can cure. The sole "contact" plaintiffs allege Well and David has with the United States is its contracts with Academy and Aramark. Because plaintiffs are not parties to those contracts, their tort claims cannot arise out or relate to Well and David's contacts with the forum. *Id.* (concluding that because the plaintiff was not a party to the contract between the defendants, his tort claim "does not 'arise out of or relate to' the foreign defendant's forum contacts"). Because neither Well and David's contacts with the forum are sufficient to establish purposeful availment nor do the plaintiffs' claims arise out of or relate to those contacts, this Court cannot exercise specific jurisdiction over Well and David.

### 3. Plaintiffs' Federal Causes of Action Do Not Apply to Extraterritorial Conduct

The Supreme Court could not have been clearer on the extraterritorial application of statutes: "When a statute gives no *clear* indication of an extraterritorial application, it has none." *Morrison v. Australia Nat'l Bank, Ltd.*, 130 S. Ct. 2869, 2878 (2010) (emphasis added).

Yet despite this explicit limitation on the extraterritorial application of statutes, as well as the Supreme Court's additional admonition that "even when a statute provides for some extraterritorial application, the presumption against extraterritoriality operates to limit that provision to its terms," *id.* at 2883, plaintiffs invite the Court to disregard these boundaries and extend the TVPRA and the ATS beyond the limits of the statutes themselves and the territorial jurisdiction of the United States.

### A. The TVPRA Gives No Indication That Its Civil Remedies Apply to Extraterritorial Conduct

Section 1595 of the TVPRA gives no indication, much less a clear one, that it applies extraterritorially. Nonetheless, plaintiffs argue that § 1595's broad jurisdictional language allows that statute to be applied extraterritorially on its own terms. Dkt. No. 64 at 12. But under

3

*Morrison* such an inference is impermissible. *Morrison*, 130 S. Ct. at 2878. In *Morrison*, the Court specifically rejected the idea that broad language, even language that referenced *foreign* commerce, was sufficient to overcome the presumption against extraterritoriality. *Id.* at 2881–82. This Court should do so too; otherwise almost any statute could be read to apply extraterritorially.

Nor does § 1596's grant of limited extraterritorial jurisdiction expand the plaintiffs' civil remedy. As the Supreme Court noted, when "a statute provides for some extraterritorial application, the presumption against extraterritoriality operates to limit that provision to its terms." *Id.* at 2883. Here, § 1596's terms make clear that it does not extend the scope of civil liability under the TVPRA to extraterritorial conduct. First, the statute only grants extraterritorial *criminal* jurisdiction. 18 U.S.C. § 1596(a) ("[T]he courts of the United States have extra-territorial jurisdiction over any *offense* . . . .") (emphasis added). And even that jurisdiction is limited to circumstances not present here. Second, plaintiffs' suggestion that § 1596 indicates that the rest of the act *also* provides for extraterritorial jurisdiction borders on the absurd. For if the TVPRA already applied extraterritorially, why would Congress need to explicitly grant extraterritorial jurisdiction over criminal offenses? Indeed, the Supreme Court rejected a similar suggestion in *Morrison*. *Morrison*, 130 S.Ct. at 2883 ("Subsection 30(a) contains what § 10(b) lacks: a clear statement of extraterritorial application. Its explicit provision for a specific extraterritorial application would be quite superfluous if the rest of the Exchange Act already applied to transactions on foreign exchanges. . . ."). Last, the difference between these statutory provisions can hardly be accidental. *Med. Ctr. Pharmacy v. Mukasey*, 536 F.3d 383, 398 n.33 (5th Cir. 2008) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (internal quotations and citation omitted).

Because § 1595 gives no indication that it applies to extraterritorial conduct, it does not. Likewise, § 1596's limited extraterritorial scope cannot be used to somehow expand civil liability under § 1595, especially because the express limitations in § 1596 prevent its application to Well and David, a Taiwanese company with no business operations or presence in the United States. Accordingly, the plaintiffs' TVPRA claim should be dismissed.

### B. The ATS Also Does Not Apply Extraterritorially

Plaintiffs have also failed to demonstrate that the language of the ATS gives any indication that the statute should apply to conduct abroad. And the historical evidence they cite to support their position, Attorney General Bradford's 1795 opinion, 1 Op. Att'y Gen. 58, 58 (July 6, 1795), has not been uniformly interpreted to favor their position. Indeed, some courts and judges have concluded that the opinion precludes the application of the ATS to extraterritorial conduct. *See Kiobel v. Royal Dutch Petrol. Co.*, 621 F.3d 111, 142 n.44 (2d Cir. 2010) ("In concluding that the Sierra Leone Company could bring suit against the American individuals involved in the French attack on the colony, Attorney General Bradford circumscribes his opinion, appearing to conclude that the Company could not bring suit for the actions taken by the Americans in a foreign country, but rather, could sue only for the actions taken by the Americans on the 'high seas.'"); *Doe v. Exxon Mobil Corp.*, 654 F.3d 11, 81 (D.C. Cir. 2011) (Kavanaugh, J., dissenting) ("To the extent an opinion of one Attorney General matters to judicial interpretation of the ATS, the Bradford opinion supports the view that the ATS applies to conduct in U.S. territory and on the high seas, but it does not support the conclusion that the ATS extends to conduct in foreign countries."). The opinion itself says that "So far, therefore, as the transactions complained of originated or took place in a foreign country, they are not within the cognizance of our courts." *Kiobel*, 621 F.3d at 142 n.44 (citing 1 Op. Att'y Gen. at 58). Thus, because neither Bradford's opinion—to the extent it even matters—nor the statute give a *clear* indication that the ATS applies extraterritorially, it does not and the plaintiffs' ATS claim should be dismissed.[5]

### 4. Plaintiffs Cannot Evade the Limits of the TVPRA by Recasting Their Claims Under the ATS

Despite § 1596's express limitation on the TVPRA's application to entities like Well and David, plaintiffs argue that the reasoning of *Magnifico v. Villanueva*, 783 F. Supp. 2d 1217 (S.D. Fla. 2011), should persuade this Court to upset Congress's judgment and allow claims plaintiffs cannot make under the TVPRA to proceed under the ATS. But *Magnifico* differs from this case in two crucial respects. First, the defendants there were all American companies and citizens—

---

[5] However one might interpret Bradford's opinion, whether the ATS applies extraterritorially will be resolved when the Supreme Court decides *Kiobel* next term.

present in the United States. Second, the majority of the alleged conduct occurred in the United States. 783 F. Supp. 2d at 1221–22. Thus in *Magnifico* there was no basis for limiting the plaintiffs' TVPRA claims under § 1596 or the general presumption against extraterritoriality that limits § 1595.

As the Supreme Court has warned "a decision to create a private right of action is one better left to legislative judgment in the great majority of cases" and that "the possible collateral consequences of making international rules privately actionable argue for judicial caution." *Sosa v. Alvarez–Machain*, 542 U.S. 692, 727 (2004). Even greater caution should be exercised where, as here, Congress has considered the implications of extending civil liability to foreign entities and has declined to do so. *Cf. id.* ("[E]ven when Congress has made it clear by statute that a rule applies to purely domestic conduct, we are reluctant to infer intent to provide a private cause of action where the statute does not supply one expressly."). Thus, the restyled-TVPRA claims plaintiffs have made under the ATS should also be dismissed.[6]

### 5. Plaintiffs' State Law Claims Cannot Proceed

Although plaintiffs concede that limitations would normally bar most of their state law claims, they argue that equitable tolling should allow them to proceed. But equitable tolling is not appropriate here. Equitable tolling "preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (citations omitted). And it only applies in "rare and exceptional circumstances." *Id.* at 811. The Fifth Circuit allows equitable tolling if "despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992). This includes situations where "the defendants concealed the conduct complained of" and the plaintiff "failed, despite the exercise of due diligence on his part, to discover the facts that form the basis of his claim." *Texas v. Allan Constr. Co.*, 851 F.2d 1526, 1528 (5th Cir. 1988). Equitable tolling can also be appropriate if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

---

[6] Even were the Court find that the ATS applies extraterritorially or to corporations, none of the plaintiffs' claims are actionable. S*ee* Dkt. No. 74 at 9-11; Fed. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion.").

way' and prevented timely filing." *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008) (citing *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)).

Here, as alleged, plaintiffs had all the essential information needed to pursue their claims by March 2008, if not earlier. Dkt. No. 43 ¶¶ 38, 69. And they also had ample opportunity to file their complaint within the relevant statute of limitations. Additionally, Well and David never concealed material facts to delay plaintiffs from making their claims. Still, plaintiffs contend that "extraordinary circumstances" prevented them from filing their complaint, despite the fact that they could have done so well before January 2012.

Before Thuy Thi Vu left Jordan, Nguyen Thang of Boat People SOS contacted the Jordanian government and asked the International Organization for Migration to intervene. Dkt. No. 43 ¶¶ 65–67. Thang also "provided aid" to Vu when she arrived in Thailand in March 2008 and "assisted" her with "legal aid" while she remained in Thailand. *Id.* ¶ 118.[7] Nothing prevented Thang, who was in the United States, from helping Vu file a complaint—much like he has done for the 109 anonymous plaintiffs who remain in Vietnam—within the statute of limitations.

In any event, plaintiffs' state law claims should still be dismissed. As Well and David explained in its motion to dismiss, there can be no personal jurisdiction over Well and David for these claims. Dkt. No. 51 at 8. Furthermore, although plaintiffs claim that paragraphs 101 through 104 of the complaint adequately plead fraud, none of those allegations state "the time, place, and contents of the false representation, as well as the party making the misrepresentation and what [that person] obtained thereby." Dkt. No. 64 at 24 (citing Dkt. No. 43 ¶¶ 102–104); *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). Because that is the case, plaintiffs have not pleaded fraud with the particularity Rule 9(b) requires. Fed. R. Civ. P. 9(b). Accordingly, their fraud claim should be dismissed.

---

[7] Since March 2008, at the latest, Vu could have brought her claim as she was already in extensive contact with Thang and Boat People SOS before she left Jordan. Vu told Congress: "I had my passport and went to meet a person that Dr. Thang had arranged to meet me outside of the airport to take me to a safe place. . . . While in Thailand, BPSOS assisted me in my daily life and with legal aid for my refugee status application." *See* Dkt. No. 43 at ¶ 72 (referencing *Examining Ongoing Human Rights Abuses in Vietnam Before the Subcomm. on Africa, Global Health, and Human Rights of the H. Comm. on Foreign Affairs*, 112th Cong. (Jan. 24, 2012) (statement of Thuy Thi Vu)); *Norris v. Hearst Trust*, 500 F.3d 454, 460 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.")..

**CONCLUSION**

Because plaintiffs cannot allege facts that would support personal jurisdiction, Well and David asks that the Court dismiss the plaintiffs' claims against it with prejudice. Furthermore, even were this Court to find that it had jurisdiction, it is clear that plaintiffs' causes of action do not apply to extraterritorial conduct or to Well and David. Accordingly, Well and David asks the Court to grant its motion to dismiss and dismiss the plaintiffs' claims with prejudice.

June 11, 2012                                                                                       Respectfully submitted,

/s/ Gerard G. Pecht
  Gerard G. Pecht
  Federal ID No. 4784
  State Bar No. 15701800
  gpecht@fulbright.com
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile:  (713) 651-5246

Attorney-in-Charge for Defendant Well & David Corp.

OF COUNSEL
FULBRIGHT & JAWORSKI L.L.P.
Eliot Fielding Turner
Federal ID No. 976577
State Bar No. 24066224
eturner@fulbright.com
John J. Byron
Federal ID No. 1358259
State Bar No. 24078296
jbyron@fulbright.com

**CERTIFICATE OF FILING AND SERVICE**

I certify that on June 11, 2012, I filed this motion using the Court's electronic filing system. Based on the Court's records, the motion was served on all counsel of record via ECF.

/s/ Gerard G. Pecht
Gerard G. Pecht

8